UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-CV-01195-CMA-MEH

QUINTON HOLDINGS, LLC,

    Plaintiff,

AXYS GOLF LLC, *et al.,*

    Defendants.

## NOTICE RE: MOTION TO RECONSIDER RULING ON ANTI-SLAPP MOTION

Defendants AXYS Golf LLC and Eric Kaplan ("Defendants") respectfully submit this Notice to bring to the Court's attention an outstanding issue in this action. As the Court is aware, Plaintiff Quinton Holdings, LLC ("Plaintiff") voluntarily dismissed without prejudice its claims against Defendants on July 30, 2020, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). This came two days after Defendants filed a Motion to Reconsider the Court's July 14 ruling denying Defendants' Anti-SLAPP Motion, which is a live issue.[1]

---

[1] Courts interpreting California's nearly-identical anti-SLAPP law consistently hold that a defendant who is voluntarily dismissed after an anti-SLAPP motion is filed is nevertheless entitled to have the merits of the motion heard as a predicate to determining whether the defendant may recover attorneys' fees and costs under the statute. *See Moore v. Liu*, 69 Cal. App. 4th 745, 751 (1999); *Pfeiffer Venice Properties v. Bernard*, 101 Cal. App. 4th 211, 218 (2002) ("[A] defendant who has been sued in violation of his or her free speech rights is entitled to an award of attorney fees ... even if the matter has been dismissed prior to the hearing on that motion[.]"); *Plevin v. City and County of San Francisco*, 2011 WL 3240536, *4 (N.D. Cal. Jul. 29, 2011) ("A defendant may be deemed a prevailing party entitled to attorneys' fees, even if a plaintiff voluntarily dismisses the claims that were subject to an anti-SLAPP motion to strike.")

Dkt. Nos. 58, 61. Among other things, the Motion to Reconsider set forth that the Court prematurely issued its ruling on the Anti-SLAPP Motion before Plaintiff could oppose it, relieving Plaintiff of its burden of persuasion on the very issue upon which the Court based its ruling: the applicability of the statute's "commercial speech exemption."

To date, the Motion to Reconsider has not been ruled upon, or denied as moot. Plaintiff's deadline to oppose the motion was August 18, but no opposition was filed. Accordingly, Defendants respectfully request that the Court deem the Motion to Reconsider unopposed and issue a ruling in due course.

Defendants respectfully submit that resolving the Motion to Reconsider has taken on added importance in light of Plaintiff's recent actions. On August 23, 2020, after weeks of silence, Plaintiff publicly posted on the Rotary Swing webpage a lengthy diatribe about this lawsuit. *See* Exhibit A. This post, directed to the general public and reading like a press release, mischaracterizes the happenings of this lawsuit and misrepresents statements made by Defendants and Magistrate Judge Hegarty, in order to make it appear as though Plaintiff achieved a total victory and forced Defendants to recant sworn testimony and their theories of the case—none of which actually happened. This confirms that the entire purpose of this lawsuit was to use the court system to punish and humiliate Defendants, regardless of the actual outcome, on the belief that Defendants would not be able to bear the cost of defense and thus would be put out of business. This decision to post false and misleading representations about a judicial proceeding further underscores the disingenuousness or double standard in

Plaintiff's original claim about material on a website, which targeted minor details of the site and sought emergency relief pertaining thereto.

Plaintiff's and its counsel's actions in the days prior to the dismissal further confirm that Plaintiff had no intention of following through on the claims asserted in the Complaint and First Amended Complaint ("FAC"). When Defendants sought to file a Rule 12(b)(6) Motion to Dismiss, the parties met and conferred pursuant to the Court's rules. During those discussions, Defendants sent a detailed outline to Plaintiff setting forth all of the deficiencies affecting the FAC that Defendants intended to raise in the Motion to Dismiss. The purpose, per the Court's rules, was to give Plaintiff an opportunity to rectify pleading defects in order to streamline or obviate motion practice. Plaintiff indicated it was considering amending the FAC and even dropping certain claims, but declined to confirm whether it would actually do so and invited Defendants to file the Motion to Dismiss, which they did. Dkt. No. 53. Then, on July 29, the day before Plaintiff's opposition to the Motion to Dismiss would have been due, Plaintiff's counsel suddenly declared it would dismiss every claim and file a new complaint founded completely in contract principles.[2] After Defendants questioned the merit of the new contract claims, Plaintiff quickly dismissed the entire case.

Based on the foregoing, Defendants believe that Plaintiff sought dismissal without prejudice under Rule 41 while the Motion to Reconsider was pending in order to avoid the strong probability of having to pay Defendants' attorneys' fees pertaining to

---

[2] One of the intended claims had the same title as a prior claim, but the underlying stated basis therefor was rooted in different facts.

3

the Motion to Dismiss. This, Plaintiff apparently believed, would allow it to publicly declare victory while leaving an up-and-coming competitor to foot substantial legal bills without recourse. While Defendants presently are exploring their options with respect to pursuing their fees, they respectfully request that the Court address the live issue of the Motion to Reconsider the Anti-SLAPP decision.

For these reasons, Defendants respectfully submit that it is crucial for the Court to resolve the Motion to Reconsider, which seeks full briefing and, ultimately, judgment in Defendants' favor that would provide Defendants proper reimbursement for their legal costs resulting from Plaintiff's admittedly meritless speech-based claims.

Dated: September 4, 2020

By: /s/ Eleanor M. Lackman
Eleanor M. Lackman
Mitchell Silberberg & Knupp LLP
437 Madison Avenue, 25th Floor
New York, New York 10022
Telephone: (212) 509-3900
Facsimile: (212) 509-7239
eml@msk.com

Carolyn Juarez
Neugeboren O'Dowd PC
1227 Spruce Street, Suite 200
Boulder, Colorado 80302
Telephone: (720) 536-4900
Facsimile: (720) 536-4910
carolyn@nodiplaw.com

Attorneys for Defendants
AXYS GOLF LLC and ERIC KAPLAN

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via ECF to all counsel of record on this 4th day of September, 2020.

/s/ Eleanor Lackman